STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARTHA D. NEELY,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0477**  (BOR Appeal Nos. 2049797, 2049798, 2049840, & 2049931)
(Claim No. 2013022944)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Martha D. Neely, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from three separate Board of Review's Final Orders dated April 28, 2015.[1] In Board of Review Appeal Nos. 2049797 & 2049798, the Board issued a single Order affirming two Orders of the Workers' Compensation Office of Judges, both of which are dated August 26, 2014. In one Order, the Office of Judges modified the claims administrator's February 7, 2014, decision denying Ms. Neely's request to add the diagnoses of cervical herniated disc and right shoulder sprain as compensable components of the claim. The Office of Judges modified the claims administrator's decision to reflect that cervical herniated disc is a compensable diagnosis and affirmed its decision denying right shoulder sprain as a compensable component of the claim.[2] In the second Order, the Office of Judges affirmed the claims administrator's March 20, 2014, decision denying a request for payment for treatment of an unspecified disorder of the bursa and tendons in the right shoulder. In Board of Review Appeal No. 2049840, the Board affirmed a September 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 20, 2013, decision denying a request for payment for drainage and injections of the right shoulder bursa. Additionally, the Office of Judges affirmed the claims administrator's January 17, 2014, decision denying a request for authorization of a unilateral joint injection in the right

---

[1] On May 22, 2015, Ms. Neely requested by written motion that this Court consolidate Board of Review Appeal Nos. 2049797, 2049798, 2049840, and 2049931. Upon consideration, this Court granted Ms. Neely's motion and consolidated the requested Board of Review's Orders.
[2] The portion of the Office of Judges' August 26, 2014, decision adding the diagnosis of cervical herniated disc as a compensable component of the claim has not been appealed to this Court.

shoulder. In Board of Review Appeal No. 2049931, the Board affirmed an October 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 18, 2014, decision denying a request to add a right shoulder labral tear and myofascial pain as compensable components of the claim, and for authorization of treatment for these diagnoses. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Neely was injured on February 25, 2013, while transporting a very large patient. On March 7, 2013, Ms. Neely's claim for workers' compensation benefits was held compensable for cervical, thoracic, and lumbar sprains. A cervical disc protrusion was later added as a compensable component of the claim. In the consolidated appeals at bar, Ms. Neely has requested reimbursement for treatment of the right shoulder. Additionally, Ms. Neely has requested that the diagnoses of right shoulder strain, right shoulder labral tear, and myofascial pain be added as compensable components of her claim.

On December 20, 2013, the claims administrator denied a request for payment for drainage and injections of the right shoulder bursa performed by the West Virginia University Medical Corporation on October 21, 2013, based upon a finding that the right shoulder is not a compensable body part. On January 17, 2014, the claims administrator denied a request for authorization of a unilateral joint injection in the right shoulder. On February 7, 2014, the claims administrator denied a request to add a right shoulder strain as a compensable component of the claim. On March 20, 2014, the claims administrator denied a request for payment for treatment of an unspecified disorder of the bursa and tendons in the right shoulder based upon a finding that the right shoulder is not a compensable body part. Finally, on April 18, 2014, the claims administrator denied a request to add a labral tear of the right shoulder and myofascial pain as compensable diagnoses; the claims administrator also denied a request for authorization of treatment for these conditions.

The Office of Judges affirmed all of the aforementioned claims administrator's decisions in four separate Orders. In three separate Orders dated April 28, 2015, the Board of Review affirmed all four of the decisions of the Office of Judges. On appeal, Ms. Neely asserts that the right shoulder should be added as a compensable body part.

At the outset, we note that Ms. Neely has submitted only one piece of marginally relevant evidence to this Court in support of her consolidated appeals. Despite the fact that three separate Board of Review Orders are the subject of this consolidated appeal, all of which address the compensability of and treatment for the right shoulder, the only medical evidence submitted by

Ms. Neely to this Court consists of a one-page cervical spine MRI report dated March 19, 2013, which indicates that she has experienced neck and right shoulder pain. Moreover, Ms. Neely asks this Court to determine that the Office of Judges made several mistaken conclusions of fact in each of its decisions. However, the numerous treatment records and medical reports which she alleges the Office of Judges misinterpreted were not provided to this Court for review.

The Office of Judges found in each of its decisions that the evidence of record fails to establish a temporal relationship between the February 25, 2013, injury and Ms. Neely's current right shoulder complaints. Further, the Office of Judges repeatedly noted that it has consistently affirmed the denial of repeated requests from Ms. Neely both to add the right shoulder as a compensable component of the claim and to authorize treatment for the right shoulder. Additionally, the Office of Judges noted that Ms. Neely continuously submits essentially the same evidence in support of each request regarding the right shoulder. In each decision, the Office of Judges determined that a preponderance of the evidence fails to demonstrate that the right shoulder should be added as a compensable body part, and further determined that treatment for the right shoulder cannot be authorized because the right shoulder is not a compensable body part. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II